# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SIGNIFY HOLDING B.V.,

                    Plaintiff,

v.                                                    Civil No. 1:25-cv-3342-JAV-KHP

NANOLEAF CANADA LTD.,

                    Defendant.

## ORDER REGARDING E-DISCOVERY

The Court hereby ORDERS as follows:

1.       This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.       This Order may be modified by the Court upon a showing of good cause or by agreement of the parties.

3.       General ESI production documents shall be produced as TIFF files. To the extent necessary, native files shall be produced in response to a party's reasonable requests. TIFF files shall be single-paged, named with a unique production number followed by the appropriate file extension, and have Group IV compression (or higher) at 300 DPI. Image load files (LFP, iPro file, Summation DII, DAT, and OPT load file), with extracted metadata (including, without limitation, the date time and last modified or sent for emails, custodian, author, recipients, MD5Hash value, Bates number of the document's first page and last page for multipage documents, Bates number of the first and last page of any attachments to the document, path to the associated TXT files, and

subject for emails) shall be provided to indicate the location and utilization of the TIFF files. Associated text files (TXT) shall be named with their respective production numbers, and the load files shall include a path to the text files but shall not include OCR or extracted text. If a document is more than one page, the utilization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. The parties shall cooperate in meeting reasonable requests related to ESI production image load files.

4.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "electronic correspondence"). To obtain email parties must propound specific electronic correspondence requests.

5.      Electronic correspondence requests shall only be propounded for specific issues, rather than general discovery of a product or business.

6.      Electronic correspondence requests shall be phased to occur after the parties have mutually exchanged initial patent disclosures pursuant to the Court's Order Regarding Patent Disclosures and Claim Construction Schedule in this case.

7.      Electronic correspondence requests shall identify the custodian, the agreed upon search terms, and time frame.  Prior to serving an electronic correspondence request, the parties shall cooperate to identify the proper custodians, proper search terms and proper timeframes.

8.      Each requesting party shall limit its electronic correspondence requests to eight custodians per producing party (in addition to the inventors of the patents-in-suit) for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a

party serve electronic correspondence requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

9.      Each requesting party shall limit its electronic correspondence requests to a total of 15 agreed upon search terms per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve electronic correspondence requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10.      Subject to the terms of the Stipulated Protective Order, the receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

11.    Pursuant to Federal Rule of Evidence 502(d), and subject to the terms of the Stipulated Protective Order, the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12.    Subject to the terms of the Stipulated Protective Order, the mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**SO ORDERED.**

Dated: _July 29_____, 2025

_____

HON. KATHERINE H. PARKER
U.S. MAGISTRATE JUDGE

- 4 -